# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL SESSION, 1999

FILED

June 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9808-CR-00276** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. MARY BETH LEIBOWITZ** |
| **DONALD MITCHELL GREEN,)** | | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Aggravated Robbery)** |

FOR THE APPELLANT:

JULIE A. MARTIN
P. O. Box 426
Knoxville, TN  37901-0426

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

RANDALL E. NICHOLS
District Attorney General

ROBERT L. JOLLEY, JR.
Assistant Attorney General
City-County Building
Knoxville, TN  37902

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

## ORDER

-2-

This is an appeal as of right from the judgment of the Knox County Criminal Court. On June 14, 1994, Appellant pleaded guilty to aggravated robbery, misdemeanor theft, and failure to appear. Appellant received a thirty year sentence for aggravated robbery, to be served concurrently with an eleven months and twenty nine day sentence for misdemeanor theft. These sentences are to run consecutively with the six year sentence for failure to appear.

Appellant concedes that he was a Range III persistent offender for aggravated robbery. However, Appellant argues that he should receive only the minimum sentence for a Range III aggravated robbery offender, twenty years. Appellant asserts that a twenty year sentence for this offense would be sufficient and that the trial court erred in imposing the maximum sentence for a Range III aggravated robbery offender. However, after a careful review of the record and briefs in this matter we are of the opinion that the judgment of the trial court should be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

The standard of review for the appeal of a sentence imposed by the trial court is de novo with a presumption of correctness for the determinations made by the trial court. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby 823 S.W. 2d 166, 169 (Tenn. 1991). If the record shows that the court did not consider those factors, the standard of review is strictly de novo. However, contrary to Appellant's assertion, the record here indicates that the trial court did, in fact, consider these factors in making its determination of the proper sentence. The trial court seemed convinced that, given Appellant's prior criminal record with no

evidence showing potential for rehabilitation other than Appellant's statements that he is remorseful, a thirty year sentence as a Range III offender was appropriate. Appellant has not satisfied his burden of proving that the sentence was improper.

Therefore, we will not disturb the decision of the trial court and affirm pursuant to Rule 20, Rules of the Court of Criminal Appeals. It appearing that Appellant is indigent, costs of the appeal will be paid by the State of Tennessee

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
NORMA MCGEE OGLE, JUDGE